ELIAS N. MILLER, ASSIGNEE OF PETER MEAD, v. GARRET J. MEAD.

A plaintiff in ejectment, when a bill of particulars is demanded, is not required, by the statute, to give notice to his adversary of the documents which it may become necessary for him to use in rebuttal of the case made by the defendant.

On case certified from the Essex Circuit.

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *A. Q. Keasbey.*

For the defendant, *Charles Borcherling.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was an ejectment. The plaintiff showed a documentary title in Peter Mead, that he was the assignee in bankruptcy of the said Peter, and that in the course of such proceedings the premises in question had been duly conveyed to him by the register.

The defence proved a deed of conveyance from the bankrupt, prior to his bankruptcy, to one Temperance Berry, under whom he made title.

To meet this defence the plaintiff introduced the record of a decree in equity in the District Court of the United States, declaring the above-mentioned deed to Temperance Berry fraudulent and void, and that it conveyed no title, &c.

To the introduction of this evidence the counsel of the defendant objected, on the ground that the record of this decree was not comprised in the bill of particulars furnished by the plaintiff on the demand of the defendant.

This position is not tenable. The statute requires the party in ejectment to furnish a " bill of particulars of his claim or title to the premises in question," and directs that such bill " shall include an abstract of such documentary evidence of title as the party may intend to give in evidence on the trial." But the record objected to in this case was no part of the plaintiff's title ; its effect being not to give the plaintiff title, but to show that the pretended counter-claim was a nullity. A law that should, in advance of the trial, exact from a litigant copies of papers, which it might be necessary to use in rebuttal of some possible case of his adversary, would hardly be deemed a wise one. In the present instance the plaintiff could not be required to anticipate an offer, on the part of the defence, of a title that had already been discarded and annulled by a formal decree in a court of equity.

The Circuit Court should be advised to render judgment upon the verdict.